# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL L. DAVIS,[1] | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00069 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of movant Terrell Davis' filing in this case. [ECF No. 1]. Because movant has not included any claims for relief in his handwritten filing, movant must amend his motion to vacate on a Court-provided form within thirty (30) days of the date of this Opinion, Memorandum and Order. Movant's failure to do so will result in a dismissal of this action without prejudice.

### Background

Movant is currently incarcerated in federal custody at the United States Penitentiary (USP) Leavenworth in Leavenworth, Kansas, after being sentenced by this Court on March 25, 2013, to a total term of imprisonment of 147 months: 63 months each on counts of bank robbery and being a felon in possession of a firearm, with those two sentences to run concurrently, and 84 months on a count of possession of a firearm in furtherance of a crime of violence pursuant to 18 U.S.C. § 924(c), with that sentence to run consecutive to the sentences for the other two counts. *United States v. Davis*, No. 4:12-CR-00145-HEA-2 (E.D. Mo.).

At the time of movant's sentencing, he was in Missouri State custody, also facing state

---

[1] Movant spells his name on his filing as Terrill L. Davis. However, the Bureau of Prisons identifies movant as Terrell L. Davis. Movant was sentenced under the name Terrell L. Davis.

charges for bank robbery, armed criminal action, resisting arrest and unlawful possession of a firearm, and brought to this Court via a *writ of habeas corpus ad prosequendeum*. *See State v. Davis*, No. 1122-CR05614-01 (22nd Jud. Cir., St. Louis City Court). The District Court was silent at the March 25, 2013, sentencing as to whether the federal sentence would run concurrent with, or consecutive to, any future state-court sentence.

On June 7, 2013, movant was sentenced in St. Louis City Court to a total term of imprisonment of 15 years in the Missouri Department of Corrections, concurrent with all state counts and his federal sentence. *Id*. Movant was remanded to state custody and therefore he began his state sentence immediately. It appears that movant served time in Missouri state custody until June 7, 2013, at which time he was transferred to federal custody by the BOP. He asserts that he will not be released from federal custody until August 31, 2029, by which time he will have served approximately five years and ten months more than the fifteen years of total imprisonment he believes he should have served if he served concurrent state and federal time. He believes he is entitled to release from custody.

Movant began petitioning this Court,[2] the state sentencing Court[3] and the Bureau of Prisons (BOP) for credit toward his federal sentence as early as 2015. He also filed two petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 attacking his sentences: one in this District and one in the District of Kansas. *See Davis v. Buckner*, No. 4:19-CV-2721 AGF

---

[2]Movant filed several motions and letters in his criminal case in this Court, and he was informed that the BOP had jurisdiction over the execution of his sentence. However, this Court did recommend to the BOP that the non-924(c) portion of movant's sentence be served concurrently with his state sentence. Movant acknowledged that the BOP accepted this Court's recommendation in March of 2019.

[3]Movant filed petitions for writ of habeas corpus in state court relative to the execution of his sentence in both the trial court and the Missouri Supreme Court which were denied.

2

(E.D.Mo. Nov. 18, 2019) and *Davis v. Warden, FCI-Leavenworth*, No. 25-3140-JWL (D.Kan. Sept. 16, 2025). Both applications for writ were denied. It was not until January 5, 2026, however, that movant filed the instant letter seeking an intent to file a motion to vacate, set aside or correct his sentence. [ECF No. 1].

## Discussion

In his handwritten motion to vacate, movant states that he has not received proper credit for his federal sentence. He has not, however, included claims for relief in his motion that are properly brought under 28 U.S.C. § 2255.[4] Therefore, the Court will provide movant the opportunity to amend is motion to vacate on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). Movant should be aware that it appears that his motion to vacate is time-barred and should have been brought within one year and fourteen (14) days of his federal sentence.[5] Thus,

---

[4] Movant's claims are more properly brought under 28 U.S.C. § 2241 as they contest the execution of his sentence.

[5] A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. In general, a motion for collateral relief has one year from the date on which the judgment became final to file a motion challenging his conviction. Movant's federal sentence was final on April 8, 2013, when the fourteen-day period for filing a direct appeal expired. *See, e.g.,* Fed. R.App. P. 4(b)(1)(A). Under well-established case law, a prisoner in state custody is entitled to file a § 2255 motion to vacate a federal sentence which is scheduled to be served in the future. *Jackson v. United States*, 423 F.2d 1146, 1149 (8th Cir.1970) ("a state prisoner ... may challenge his federal sentence although he has not yet commenced to serve that sentence"); *United States v. Fegans*, 2008 WL 447504, at *6 (W.D .Ark. Feb. 14, 2008) ("a prisoner in state custody may bring a § 2255 petition challenging a federal sentence imposed consecutive to his state sentence"); Rule 1(b), Rules Governing § 2255 Cases in United States District Courts (§ 2255 is available to "a person in custody under a judgment of a state court ... and subject to future custody under a judgment of the district court, who seeks a determination that ... the district court's sentence exceeded the maximum allowed by law"). This means that movant did not have to wait until he entered federal custody to file his motion to vacate. And any § 2241s he filed cannot be used to assert a claim that could have been raised in a timely motion pursuant to 28 U.S.C. § 2255 in the sentencing court. *See Nichols v. Symmes*, 553 F.3d 647 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089 (8th Cir. 2003); *Taylor v. Rivera*, 2015 WL 6557011 (E.D. Ark. 2015) (Ray, MJ), report and recommendation adopted, 2015 WL 6555415 (E.D. Ark. 2015) (Holmes, J); *Harris v. Outlaw*, 2012 WL 1415452 (E.D. Ark. 2013) (Ray, MJ), report and recommendation adopted, 2012 WL 1417763 (E.D. Ark. 2012) (Marshall, J).

if movant chooses to file an amended motion to vacate, he will be required to show cause why his motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail movant a copy of the Court's form "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody."

**IT IS FURTHER ORDERED** that movant shall file an amended motion on the Court-provided form within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if movant fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 22nd day of January, 2026.

                                        HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE